IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MICHAEL FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-229-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant John Michael Ford requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the decision of the Commissioner is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on January 10, 1960, and was forty-nine years old at the time of the administrative hearing. He has a GED and worked as a truck driver, kennel attendant, and forklift operator (Tr. 20). The claimant alleges that he has been unable to work since March 1, 2008, because of hepatitis, liver failure, and leg pain (Tr. 145).

### Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on May 16, 2008. His applications were denied. ALJ Glenn A. Neel held an administrative hearing and found the claimant was not disabled in a written opinion dated March 29, 2010. The Appeals Council denied review, so this opinion is the Commissioner's final decision for purposes of appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. §§ 404.1567(b); 416.967(b), but could climb, kneel, crouch, and crawl only occasionally and balance and stoop frequently (Tr. 15). Further, because of mental impairments, the claimant could understand/remember only simple instructions,

carry out simple instructions with routine supervision, sustain attention/concentration for at least two hours at a time, relate superficially for work purposes, and adapt to a work setting (Tr. 15).  The ALJ concluded that although the claimant was unable to return to any past relevant work, he was nevertheless not disabled because there was other work he could perform in the national economy, *i. e.*, ticket taker, coin machine collector, and outside deliverer (Tr. 21).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze his credibility; (ii) by failing to properly analyze the opinion of state reviewing physician Dr. Tom Shadid, Ph.D.; and (iii) by failing to properly analyze the credibility of the Third Party statement of Wendy Ford.  The Court finds that the ALJ did fail to properly analyze Dr. Shadid's opinion, and the decision of the Commissioner must therefore be reversed.

The claimant testified that he works as a helper in exchange for rent and utilities but that his boss "puts up with [him] going home" and allows him to work at his own pace (Tr. 33).  He stated that he did not feel "safe" engaging in past relevant work as a truck driver or forklift operator because he is "sleepy all the time" and "fall[s] asleep without warning" (Tr. 33).  The claimant reported that when he gets sick, he becomes incoherent, has trouble remembering things, and sometimes has trouble getting out of bed (Tr. 34).  He testified that he has pain in his right shoulder and his hands "go numb from time to time" (Tr. 35-36).  He also reported having "tender" feet and left knee pain (Tr. 37-38).  The claimant grew up in a physically abusive home and ended up running away

from home after a he was beat with a belt buckle (Tr. 39).  He testified that his hepatitis C causes him to become very tired and feverish, as well as causes him to turn yellow which "scares a lot of people" and has resulted in job losses in the past (Tr. 43).  The claimant also testified that he has "trouble getting doctors to see [him]" because he is uninsured and cannot afford medical treatment (Tr. 47-49).

State examining physician Dr. Kenneth Williams, M.D. completed a Mental Status Examination of claimant on December 11, 2008 (Tr. 304-05).  Dr. Williams noted that claimant made adequate eye contact during the examination, exhibited coherent speech, and had logical thought processes (Tr. 304-05).  Dr. Williams also found that claimant's affect was sad, he could recite 0/3 items after five minutes, he was unable to spell the word "earth" forwards but not backwards, and was unable to interpret a proverb (Tr. 305).  Further, the claimant "could list similarities but no differences between a bird and an airplane" (Tr. 305).  Dr. Williams diagnosed the claimant with depressive disorder, NOS, assessed his global assessment of functioning (GAF) to be 41-50, and his prognosis was guarded (Tr. 305).

State reviewing physician Dr. Tom Shadid, Ph.D. completed a Psychiatric Review Technique on December 30, 2008 (Tr. 318-35).  Dr. Shadid found that claimant's mental health impairment fell under the umbrella of affective disorders and was characterized by anhedonia or pervasive loss of interest in almost all activities and difficulty concentrating or thinking (Tr. 325).  As a result, he concluded that claimant had moderate limitations in activities of daily living, moderate limitations in maintaining social functioning, and

marked limitations in maintaining concentration, persistence, or pace (Tr. 332).  In addition, Dr. Shadid completed a Mental Residual Functional Capacity Assessment in which he found that the claimant was markedly limited in his ability to understand and remember detailed instructions and ability to carry out detailed instructions (Tr. 318). Further, Dr. Shadid found that claimant was moderately limited in his ability to maintain attention and concentration for extended periods and ability to interact appropriately with the general public (Tr. 318-19).  Dr. Shadid's written notes state that at maximum, the claimant is able to do the following: i) understand and remember simple instructions; ii) carry out simple instructions with routine supervision; iii) work four hours per day and sustain attention and concentration for at least two hours; iv) relate superficially for work purposes; and v) adapt to a work setting (Tr. 320).  Finally, Dr. Shadid noted that claimant's "allegations are considered credible" (Tr. 320).

Regarding Dr. Shadid's opinion, Social Security Ruling 96-6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists."  1996 WL 374180, at *4.  These opinions are to be treated as medical opinions from non-examining sources.  *Id*. at *2.  Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision.  *Id*.  "If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it."  *Valdez v. Barnhart*, 62 Fed. Appx. 838, 841 (10th Cir. 2003) [unpublished opinion], *citing* 20 C.F.R. §

-6-

416.927(f)(2)(ii).  Here, the ALJ wholly failed to mention Dr. Shadid's opinion, although it appears he relied on it, *e. g.*, the ALJ recited Dr. Shadid's findings verbatim (with one very important omission that will be discussed below) in assessing the claimant's RFC (Tr. 14-15).  Clearly the ALJ should have mentioned Dr. Shadid's opinion and indicated the weight he was assigning to it.

More importantly, however, the ALJ should have explained why he rejected Dr. Shadid's finding that the claimant could work no more than four hours per day (Tr. 320) despite accepting verbatim all of Dr. Shadid's other findings.  "An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."  *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004).  This was significant to address because such a finding would undoubtedly have prevented the claimant from performing any work, Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *2 ("RFC is the individual's maximum remaining ability to perform sustained work on a regular and continuing basis; *i. e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule."), and the ALJ should not have simply ignored it.  *Haga*, 482 F.3d at 1208 ("[T]he ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others.  An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. . . . [T]he ALJ did not state that any evidence conflicted with Dr. Rawlings'

opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others. We therefore remand so that the ALJ can explain the evidentiary support for his RFC determination."). *See also*, *Taylor v. Schweiker*, 739 F.2d 1240, 1243 (7th Cir. 1984) ("'[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.'"), *quoting Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982).

Because the ALJ failed to properly analyze Dr. Shadid's opinion of the claimant's functional limitations, the decision of the Commissioner must be reversed and the case remanded to the ALJ for a proper analysis. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly hereby REVERSED, and the case is REMANDED to the ALJ for further proceedings consistent herewith.

**DATED** this 26th day of September, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma